**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMELIA FINLEY, | No. 16-15432 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02609-DLR |
| v. | |
| S. FAX, Officer #51243; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Amelia Finley appeals pro se from the district court's summary judgment in

her 42 U.S.C. § 1983 action alleging false arrest and imprisonment, and excessive

force.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Furnace*

*v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Finley's false arrest and imprisonment claim because Finley failed to raise a genuine dispute of material fact as to whether defendants' conduct of detaining Finley was unreasonable under the circumstances. *See Hill v. California*, 401 U.S. 797, 802 (1971) ("[W]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Finley's excessive force claim because Finely failed to raise a genuine dispute of material fact as to whether defendants' actions were objectively unreasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 395-97 (1989) (setting forth the objective reasonableness standard for excessive force determinations).

Because the district court properly determined that no reasonable jury could find that Finley's Fourth Amendment rights were violated, we reject as without merit Finley's challenge to the district court's additional determination that defendants Fax and Anderson were not sufficiently involved in the encounter.

The district court did not abuse its discretion in denying Finley's request for leave to file a sur-reply because the district court reviewed the briefing and found no new issues raised in defendants' reply that necessitated further argument. *See Sec. & Exch. Comm'n v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982)

16-15432

(setting forth standard of review).

Finley's motion for leave to file an amended notice of appeal (Docket Entry No. 3) is denied as unnecessary.

**AFFIRMED.**